UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----

ALVARO C. HERNANDEZ,   No. 2:09-cv-00413-MCE-GGH

    Plaintiff,

  v.   MEMORANDUM AND ORDER

MICHAEL A. MADRIGAL, JR.;
JENNIFER WILLIAMS; LIS
MORTGAGE CORPORATION;
FINANCIAL TITLE COMPANY; FDIC
as Receiver for DOWNEY SAVINGS
AND LOAN; COUNTRYWIDE HOME
LOANS, et. al.,

    Defendants.

----oo0oo----

Plaintiff, Alvaro C. Hernandez, originally filed the present action in Sacramento County Superior Court on August 7, 2008, seeking relief from fraudulent loans issued by Downey Savings and Countrywide Home Loans pursuant to falsified loan documents submitted by Michael Madrigal, LIS Mortgage Corporation, and Jennifer Williams individually and as an agent for Financial Title Company ("Defendants"). On October 3, 2008, Plaintiff filed a First Amended Complaint. Thereafter, on January 9, 2009,

1

the Federal Deposit Insurance Corporation ("FDIC") filed a Motion to Substitute as Successor in Interest for Downey and for a 90-day Stay of Proceedings.  On February 10, 2009, the FDIC removed the matter to this Court, one day prior to the granting of those Motions.  On March 10, 2009, this Court granted FDIC's Ex Parte Application to continue the 90-day stay previously granted by the state court.  Now before the Court is the FDIC's subsequent Motion for Stay of Action Pending Administrative Claims Process.  For the reasons set forth below, the FDIC's motion is granted.[1]

Upon receipt of an administrative claim, the FDIC has 180 days to review and resolve the claim.  12 U.S.C. § 1821(d)(5)(A).  Meanwhile, "[n]o court has jurisdiction over the claim until the exhaustion of this administrative process."  Intercontinental Travel Mktg., Inc. v. FDIC, 45 F.3d 1278, 1282 (9th Cir. 1994); 12 U.S.C. § 1821(d)(13)(D).  Thus, although the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA") does not expressly provide for a stay pending exhaustion of administrative remedies, upon request of a party, courts have found inherent power to stay proceedings until the earlier of an administrative decision or 180 days.  Sharpe v. FDIC, 126 F.3d 1147, 1155 n.5 (9th Cir. 1997), citing Intercontinental Travel Mktg., 45 F.3d at 1284; see also Marquis v. FDIC, 965 F.2d 1148, 1155 (1st Cir. 1992); Neman v. Commercial Capital Bank, 173 Cal. App. 4th 645, 652-53 (2d Dist. 2009) (relying on the analysis in Marquis and listing other courts that have followed suit).

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

In Opposition to the instant Motion, Plaintiff asks that the Court stay his claim only against the FDIC so that he may proceed against the other Defendants. Plaintiff's Opposition to Motion to Stay, 6:19-21. Those Defendants are not themselves opposed to the FDIC's instant Motion. Reply in Support of FDIC's Motion for Stay, 3:3-4. Further, the issues underlying this entire case are intertwined around the alleged issuance of fraudulent loans by some of the Defendants pursuant to falsified loan documents submitted by other Defendants. See Complaint ¶¶ 13-16, 135. Accordingly, in the interest of judicial economy, the FDIC's Motion to Stay (Docket No. 23) is GRANTED, and the July 16, 2009, hearing is vacated. This action is hereby stayed until the earlier of: 1) August 24, 2009, (180 days from the FDIC's February 25, 2009, receipt of Plaintiff's administrative claim); or 2) until the FDIC renders an administrative determination.

IT IS SO ORDERED.

Dated: July 14, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE