IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALVARO C. HERNANDEZ,

      Plaintiff,                               CIV. NO. S-09-0413 MCE GGH

      vs.

MICHAEL A. MADRIGAL, JR., et al.,

                                        FINDINGS AND RECOMMENDATIONS

      Defendants.

_____/

      Plaintiff's motions for entry of default judgment against defendants Michael Madrigal, Jr. and LIS Mortgage Corporation ("LIS Mortgage"), filed September 18, 2009, (dkt. #s 32, 35), were submitted on the record. Upon review of the motions and the supporting documents, and good cause appearing, the court issues the following findings and recommendations.

BACKGROUND

      Plaintiff filed the instant complaint in state court, and on February 10, 2009, defendant FDIC (as receiver for Downey Savings) removed the action to this court. The complaint concerns an alleged equity stripping scheme in which defendant Madrigal, plaintiff's son-in-law and employee of LIS Mortgage, was able to refinance the home owned by plaintiff where Madrigal lived with plaintiff's daughter without plaintiff's knowledge or consent.

1

Madrigal and plaintiff's daughter eventually ended their relationship, and Madrigal entered into a relationship with defendant Williams,[1] an employee of defendant Financial Title Company.[2]  The allegations are that Madrigal would act as a loan broker and Williams as an escrow agent and notary as co-conspirators in order to strip the property of its equity by deceit and fraud.  Plaintiff further alleges that Countrywide Home Loans, Inc., as loan servicer which held the fraudulently obtained note, conducted a deficient investigation.  The complaint also alleges that Downey Savings and Loan Association underwrote and funded the first of the fraudulent loans taken by Madrigal, and was negligent in doing so.  Most of the causes of action are against defendants Madrigal, Williams, LIS Mortgage, and Financial Title, and include intentional deceit and concealment, misappropriation of likeness, identity theft, invasion of privacy, conversion, constructive fraud, unlawful lending practices, notary misconduct, and civil conspiracy to defraud.  The claim against FDIC as receiver for Downey Savings is for negligence.  Claims against Countrywide are declaration of identity theft and defamation of credit.

        According to affidavit, the complaint and first amended complaint were served on defendant Madrigal on August 18, 2008 and April 4, 2009. Fed. R. Civ. P. 4(e)(2).  Haro Aff. ¶ 2b, d.  (Dkt. # 18-2.)  Defendant LIS Mortgage was served with the complaint on August 18, 2008 and with the first amended complaint on April 3, 2009.  Haro Aff. ¶ 2b, d.  (Dkt. # 19.)  <u>Pacific Atlantic Trading Co. v. M/V Main Express</u>, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction).  Defendants Madrigal and LIS Mortgage have failed to file an answer or otherwise appear in this action.[3]  On May 28, 2009, the clerk entered default against defendant LIS Mortgage.  On May 29, 2009, the clerk entered default against defendant Madrigal.

---

[1] Defendant Williams has been dismissed from the action.  (Dkt. # 30.)

[2] Financial Title Company apparently has filed for bankruptcy protection.  (Dkt. #22 at 3:14.)

[3] Defendants Countrywide and FDIC have filed answers.  (Dkt. #s 10, 38.)

2

The instant motions for default judgment and supporting papers were served by mail on defendants Madrigal and LIS Mortgage at their last known address. Defendants LIS Mortgage and Madrigal filed no opposition to the motions for entry of default judgment. Plaintiff seeks entries of default judgment in the amount of $166,763.93 against each of these defendants for lost equity, broker fees and emotional distress.

DISCUSSION

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977). The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted. Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).

The court is cognizant of the fact that normally a final decree on the merits of an action may not be made against one of several defendants against whom a joint charge is pending. Frow v. De La Vega, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872) (involving a single alleged joint fraud and resulting in inconsistent adjudications as to liability)[4]; see also Pfanstiel Architects v. Choutreau Pet., 978 F.2d 430, 433 (8th Cir. 1992); In re Uranium Antitrust Litigation, 617 F.2d 1248, 1256-58 (7th Cir. 1980) (holding that Frow does not apply to defendants alleged to be jointly and severally liable, although the damages hearing should be postponed until trial because claims were based on a single injury (a single price-fixing scheme); accord, Dundee Cement Co. v. Howard Pipe and Concrete Products Inc., 722 F.2d 1319, 1324 (7th Cir. 1983)); Gulf Coast Fans v. Midwest Elec. Importers, 740 F.2d 1499, 1512 (11th Cir. 1984) (default judgment should not be entered against "similarly situated" defendants whose alleged liability, along with that of the remaining defendants, rests on a single contract); International Controls Corp. v. Vesco, 535 F.2d 742, 746-47 & n. 4 (2d Cir.1976) (Frow controls

---

[4] Frow alleged a conspiracy by several defendants to defraud one plaintiff of title to real property. Default judgment was entered against one defendant, although the others prevailed on the merits. The Court found this result "unseemly and absurd, as well as unauthorized by law." 82 U.S. at 554.

3

"in situations where the liability of one defendant necessarily depends upon the liability of the other.").

In re Uranium Antitrust Litigation acknowledged that Frow does not preclude entry of default judgment against some defendants where other defendants remain in the litigation, even where liability is joint and several.[5]  617 F.2d at 1258.  Nevertheless, there is still the possibility of inconsistent determinations as to damages, as well as the lack of judicial economy, in that "there could be two distinct damages awards on a single claim involving joint and several liability." Id. at 1262.  If plaintiff later prevails against the answering defendant, the damage award could be different; however, the joint nature of the claim precludes different findings as to damages against all defendants. Id.  Furthermore, where defendants are jointly liable for the entire award, plaintiff could look to any one defendant for full satisfaction of the damage award. Id.

In this case, although the causes of action against defendants Madrigal and LIS Mortgage are distinct from those brought against defendants Downey Savings (FDIC) and Countrywide, some of the damages requests overlap.  For example, plaintiff seeks $50,000 in emotional damages against each of the following defendants: Madrigal, LIS Mortgage, Financial Title, and Downey.  FAC at 29-30.  A trial against the answering defendants might result in an inconsistent verdict on these damages and/or a judgment of a different amount.

Furthermore, the declarations as submitted are not adequate to support an award of $50,000 in emotional distress damages against each defendant.  (Dkt. #32-4, 35-4.)

The court has discretion to decide whether to enter a judgment by default.  10A Wright, Miller & Kane, Federal Practice & Procedure, § 2685 (1998).  In the instant case, no reason appears to justify the entry of default judgment against two of multiple defendants with the possibility of inconsistent liability adjudications.

---

[5] The Carmack Amendment permits imposition of joint and several liability.  Jessica Howard Ltd. v. Norfolk Southern Railway Co., 316 F.3d 165, 169 (2nd Cir. 2003).

In view of the foregoing findings, it is the recommendation of this court that plaintiff's application for entry of default judgment be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 01/28/10

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
hernandez0413.def.wpd