UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALVARO C. HERNANDEZ,                    No. 2:09-cv-00413-MCE-GGH

      Plaintiff,

  v.                                     MEMORANDUM AND ORDER

MICHAEL A. MADRIGAL JR.;
JENNIFER WILLIAMS; LIS
MORTGAGE CORPORATION;
FINANCIAL TITLE COMPANY, a
corporation; DOWNEY SAVINGS
AND LOAN ASSOCIATION, a
corporation; COUNTRYWIDE HOME
LOANS, INC., a corporation;
and DOES 1 through 50
Inclusive.

      Defendants.

    Through the present action, Plaintiff Alvaro C. Hernandez ("Plaintiff") seeks relief from loans issued by Downey Savings and Countrywide Home Loans pursuant to documents Plaintiff believes were falsified by Michael Madrigal, LIS Mortgage Corporation, and Jennifer Williams individually and as an agent for Financial Title Company.

///

1

1    As provided by Federal Rule of Civil Procedure 56(c),
2 Plaintiff now moves for Summary Adjudication on the issue of
3 forgery of the deed, and whether Plaintiff is entitled to recover
4 liquidated damages, or damages over a three-year limitation
5 period in accordance with California Civil Code § 1798.93(c).
6 Defendant Countrywide Home Loans ("Defendant") contests
7 Plaintiff's motion.
8    For the reasons set forth below, Plaintiff's Motion for
9 Summary Adjudication is denied.[1]

**BACKGROUND**

This action arises out of activity surrounding residential loan transactions for the property located at 9283 Laguna Green Court, Elk Grove, California ("Property"). In 2006, Plaintiff resided in Idaho and allowed his daughter and her then husband, Michel A. Madrigal, Jr. ("Madrigal"), to live on the Property.

In March 2004, Plaintiff states he and Madrigal refinanced the Property to help Madrigal pay off approximately $100,000 owed in taxes. Plaintiff allowed Madrigal, a loan brokerage agent, to organize and "handle all the necessary paperwork" in connection with this transaction.

///
///
///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

2

1    In May 2006, Plaintiff's daughter and Madrigal ended their
2 relationship and Madrigal ceased living at the Property.
3 Plaintiff believes that around June 2006 Madrigal became
4 personally involved with Jennifer Williams ("Williams"), an
5 employee at Financial Title.

6    Plaintiff alleges that in June 2006, Madrigal and Williams
7 forged Plaintiff's name and his personal information on loan
8 documents and deed of trust.  This included his name, address,
9 social security number and date of birth.  The loan was issued by
10 Downey Savings and Loan Association ("Downey").

11    Plaintiff further alleges that in November 2006 Madrigal and
12 Williams refinanced the Downey loan through forged loan documents
13 submitted to First Magnus Financial.  In December 2006, Defendant
14 purchased the loan.

15    Plaintiff alleges that he discovered the loan around
16 September 2007, at which time he sent a handwritten note to
17 Defendant stating that only he and his wife should have access to
18 the account.  On March 13, 2008, Plaintiff, through his counsel,
19 gave Defendant written notice that the deed on the Property was
20 forged.  On May 8, 2008, Plaintiff filed a police report with the
21 Sacramento County Sheriff, Real Estate Fraud Division.

22    Plaintiff's counsel received a letter from Defendant on
23 September 4, 2008, stating that Defendant has been "unable to
24 substantiate" that the underlying loan was originated without
25 Plaintiff's knowledge or consent.

26    Plaintiff states that Defendant continued to attempt to
27 collect on the loan and consequently, Plaintiff continued to make
28 payments.

## STANDARD

The Federal Rules of Civil Procedure provide for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

Rule 56 also allows a court to grant summary adjudication on part of a claim or defense. See Fed. R. Civ. P. 56(a) ("A party seeking to recover upon a claim ... may ... move ... for a summary judgment in the party's favor upon all or any part thereof."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995); France Stone Co., Inc. v. Charter Twp. of Monroe, 790 F. Supp. 707, 710 (E.D. Mich. 1992).

The standard that applies to a motion for summary adjudication is the same as that which applies to a motion for summary judgment. See Fed. R. Civ. P. 56(a), 56(c); Mora v. ChemTronics, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp., 477 U.S. at 323 (quoting Rule 56(c)).

4

1       If the moving party meets its initial responsibility, the
2  burden then shifts to the opposing party to establish that a
3  genuine issue as to any material fact actually does exist.
4  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574,
5  585-87 (1986); <u>First Nat'l Bank v. Cities Serv. Co.</u>, 391 U.S.
6  253, 288-89 (1968).

7       In attempting to establish the existence of this factual
8  dispute, the opposing party must tender evidence of specific
9  facts in the form of affidavits, and/or admissible discovery
10 material, in support of its contention that the dispute exists.
11 Fed. R. Civ. P. 56(e).  The opposing party must demonstrate that
12 the fact in contention is material, i.e., a fact that might
13 affect the outcome of the suit under the governing law, and that
14 the dispute is genuine, i.e., the evidence is such that a
15 reasonable jury could return a verdict for the nonmoving party.
16 <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 251-52
17 (1986); <u>Owens v. Local No. 169, Assoc. of W. Pulp and Paper
18 Workers</u>, 971 F.2d 347, 355 (9th Cir. 1987).  Stated another way,
19 "before the evidence is left to the jury, there is a preliminary
20 question for the judge, not whether there is literally no
21 evidence, but whether there is any upon which a jury could
22 properly proceed to find a verdict for the party producing it,
23 upon whom the onus of proof is imposed."  <u>Anderson</u>, 477 U.S. at
24 251 (quoting <u>Improvement Co. v. Munson</u>, 81 U.S. 442, 448 (1871)).
25 ///
26 ///
27 ///
28 ///

5

1  As the Supreme Court explained, "[w]hen the moving party has
2  carried its burden under Rule 56(c), its opponent must do more
3  than simply show that there is some metaphysical doubt as to the
4  material facts .... Where the record taken as a whole could not
5  lead a rational trier of fact to find for the nonmoving party,
6  there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at
7  586-87.
8       In resolving a summary judgment motion, the evidence of the
9  opposing party is to be believed, and all reasonable inferences
10 that may be drawn from the facts placed before the court must be
11 drawn in favor of the opposing party.  Anderson, 477 U.S. at 255.
12 Nevertheless, inferences are not drawn out of the air, and it is
13 the opposing party's obligation to produce a factual predicate
14 from which the inference may be drawn.  Richards v. Nielsen
15 Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985),
16 aff'd, 810 F.2d 898 (9th Cir. 1987).
17
18                            **ANALYSIS**
19
20      Plaintiff argues that summary adjudication is appropriate in
21 the instant action because there is allegedly no dispute that
22 Defendant's deed of trust was forged and thus, the document must
23 be deemed void.  However, this Court finds that a genuine issue
24 of material fact remains.
25 ///
26 ///
27 ///
28 ///

6

1  California Evidence Code[2] § 1451 creates a presumption that
2 an acknowledged document is genuine.  The statute provides:
3     A certificate of the acknowledgment of a writing other
       than a will...is prima facie evidence of the facts
4      recited in the certification and the genuineness of the
       signature of each person by whom the writing purports
5      to have been signed.
6 Cal. Evid. Code § 1451; see also Cal. Evid. Code § 602 (stating
7 that "a statute providing that a fact or group of facts is prima
8 facie evidence of another fact establishes a rebuttable
9 presumption.)"  The document is "as strong as if the facts
10 certified had been duly sworn to in open court by a witness
11 apparently disinterested and worthy of belief."  Ware v. Julien,
12 122 Cal. App. 354, 355 (1932).  This presumption extends to the
13 situation of deeds.  "A deed absolute in form is just what it
14 purports to be."  Develop-Amantic Engineering v. Republic
15 Mortgage Co., 12 Cal. App. 3d 143, 148 (1970).  "All presumptions
16 are in favor of the validity of a deed when it is regular on its
17 face and recorded or acknowledged."  Du Bois v. Larke,
18 175 Cal. App. 2d 737, 745 (1960).  This "presumption is not
19 conclusive but the burden of overcoming them is on the one who
20 disputes them."  Id.
21 ///

---

[2] Pursuant to Federal Rules of Evidence Rule 302, "[i]n civil actions and proceedings, the effect of a presumption respecting a fact which is an element of a claim or defense as to which state law supplies the rule of decision is determined in accordance with state law."  "Even in diversity cases the rules of evidence applied in federal courts are the Federal Rules of Evidence rather than state rules, save with respect to matters of presumptions, privilege, and competency of witnesses."  Barron v. Ford Motor Co. of Canada Ltd., 965 F.2d 195, 198-199 (7th Cir. 1992); accord Turnbeaugh v. Santos, 146 F.2d 168, 170 (9th Cir. 1945) (using California Civil Procedure § 1833 to hold that a writing is prima facie evidence).

7

"When a disputable presumption is controverted by other evidence, a question of fact arises which must be resolved by the trial court." Id.  Although the evidence is not conclusive, the document is enough, standing alone, to send the case to the jury, so that the jury can decide between the probative force of the document supported by the presumption and the evidence produced in rebuttal. Ware, 122 Cal. App. at 355.  Here, it is for the jury to weigh the evidence of the alleged forged loan documents themselves against the evidence produced by Plaintiff indicating forgery.

Moreover, a genuine issue exists as to whether Plaintiff ratified the transaction through subsequent payments.  Resolution of this issue will necessarily entail factual determinations that can only be made by a jury.  "Ratification is the voluntary election by a person to adopt in some manner as his or her own an act that was purportedly done on his or her behalf by another person, the effect of which, as to some of all persons, is to treat the act as if originally authorized by him or her." Estate of Stephens, 28 Cal. 4th 665, 673 (2002)(citing Rakestraw v. Rodrigues, 8 Cal. 3d 67, 73 (1972)).  An agent's act "may be adopted expressly or it may be adopted by implication based on conduct of the purported principal from which an intention to consent to or adopt the act may be fairly inferred." Rakestraw, 8 Cal. 3d at 73.  "[I]t is well settled in California, 'that a principal may ratify the forgery of his signature by his agent.'" Id. at 74 (quoting Volandri v. Hlobil, 170 Cal. App. 2d 656, 659-660 (1959)).
///

Turning to the facts, which must be drawn in the light most favorable to the non-moving party, it is a question best left for a jury to determine whether Plaintiff's actions constitute ratification.  The alleged acts of forgery occurred in June 2006 and November 2006.  On December 4, 2006, Defendant sent a letter to Plaintiff informing him that the loan had been assigned from First Magnus to Defendant.  Defendant thereafter mailed monthly statements to Plaintiff and Defendant received five monthly installments on the loan from January through June 2007.  It was not until September 2007 that Plaintiff contacted Defendant, stating only that "[n]o other party is to have access to this account."  In this handwritten note from Plaintiff, Defendant contends that Plaintiff failed to mention anything relating to forgery or fraud.  Even after this letter, Plaintiff continued to pay two monthly installments.  Defendant states that the first time it received notice about possible identity theft, fraud, or forgery was on October 31, 2007, when Plaintiff's counsel contacted Defendant about investigating possible improprieties regarding financing of the Property.  In the meantime, Plaintiff had continued to pay all monthly payments.

Given that Plaintiff continued to make payments months after the alleged forgery took place, a reasonable jury could determine that Plaintiff adopted by implication the terms of the refinanced loan.  Plaintiff contends that there can be no ratification because he was forced to pay so as to avoid foreclosure.  However, this too requires a factual determination.  These circumstances preclude the granting of summary adjudication as requested.

1    Numerous triable issues of fact exist with respect to the
2 deed of trust.  While there are affidavits from both Plaintiff
3 and Jennifer Williams stating that a forgery occurred, it is
4 equally significant that Plaintiff continued to make payments on
5 the loan.  Ultimately, weighing these competing considerations is
6 well beyond the province of summary adjudication.  Plaintiff's
7 Motion is denied.
8    Because summary adjudication on the issue of forgery is
9 denied, the issue of damages based on forgery is moot.

**CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for
Summary Adjudication (Docket No. 48) is DENIED.

IT IS SO ORDERED.

Dated: April 13, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE