IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALVARO C. HERNANDEZ,

    Plaintiff,                                  CIV. NO. S-09-0413 MCE GGH

    vs.

MICHAEL A. MADRIGAL, JR., et al.,

                                              FINDINGS AND RECOMMENDATIONS

    Defendants.

_____/

        Plaintiff's motions for entry of default judgment against defendants Michael Madrigal, Jr. and LIS Mortgage Corporation ("LIS Mortgage"), filed November 3, 2011, (dkt. #s 81, 82), were submitted on the record. Upon review of the motions and the supporting documents, and good cause appearing, the court issues the following findings and recommendations.

<u>BACKGROUND</u>

        Plaintiff filed this action in state court, and on February 10, 2009, defendant FDIC (as receiver for Downey Savings) removed it to this court. The amended complaint concerns an alleged equity stripping scheme in which defendant Madrigal, plaintiff's son-in-law and employee of LIS Mortgage, was able to refinance the home owned by plaintiff without plaintiff's knowledge or consent. Madrigal lived at the subject property with plaintiff's daughter. Madrigal

1

and plaintiff's daughter eventually ended their relationship, and Madrigal entered into a relationship with defendant Williams,[1] an employee of defendant Financial Title Company.[2]  The allegations are that Madrigal acted as a loan broker and Williams as an escrow agent and notary, and that they worked as co-conspirators in order to strip the property of its equity by deceit and fraud.  Plaintiff further alleges that Countrywide Home Loans, Inc., as loan servicer which held the fraudulently obtained note, conducted a deficient investigation.  The amended complaint also alleges that Downey Savings and Loan Association underwrote and funded the first of the fraudulent loans taken by Madrigal, and was negligent in doing so.  Most of the causes of action are against defendants Madrigal, Williams, LIS Mortgage, and Financial Title, and include intentional deceit and concealment, misappropriation of likeness, identity theft, invasion of privacy, conversion, constructive fraud, unlawful lending practices, notary misconduct, and civil conspiracy to defraud.  The claim against FDIC as receiver for Downey Savings is for negligence.  Claims against Countrywide are declaration of identity theft and defamation of credit.

According to affidavit, the complaint and first amended complaint were served on defendant Madrigal on August 18, 2008 and April 4, 2009. Fed. R. Civ. P. 4(e)(2).  Haro Aff. ¶ 2b, d.  (Dkt. # 18-1.)  Defendant LIS Mortgage was served with the complaint on August 18, 2008 and with the first amended complaint on April 3, 2009.  Haro Aff. ¶ 2b, d.  (Dkt. # 19.) Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction).  Defendants Madrigal and LIS Mortgage have failed to file an answer or otherwise appear in this action.  On May 28, 2009, the clerk entered default against defendant LIS Mortgage.  On May 29, 2009, the clerk entered default against defendant Madrigal.  On September 18, 2009, plaintiff filed motions for default judgment against

---

[1] Defendant Williams has been dismissed from the action.  (Dkt. nos. 30, 84.)

[2] Financial Title Company apparently has filed for bankruptcy protection.  (Dkt. #22 at 3:14.)

defendants Madrigal and LIS Mortgage. On January 28, 2010, the undersigned recommended that the motions be denied as co-defendants FDIC and Countrywide remained in the case and there would be a risk of inconsistent damage determinations. The declarations submitted with those initial motions were also noted to be inadequate to support an award of $50,000 in emotional distress damages against each defendant. The findings and recommendations were adopted by the district judge on March 16, 2010. Since that time, defendants FDIC and Countrywide have been dismissed from the action with prejudice. The only remaining defendant other than Madrigal and LIS Mortgage is Financial Title, which, according to plaintiff's status report, filed June 2, 2009, is in bankruptcy proceedings.[3]

The instant motions for default judgment and supporting papers were served by mail on defendants Madrigal and LIS Mortgage at their last known address. Defendants LIS Mortgage and Madrigal filed no opposition to the motions for entry of default judgment. Plaintiff seeks entries of default judgment in the amount of $191,763.93 against each of these defendants for lost equity, broker fees and emotional distress.

DISCUSSION

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977). The court finds the well pleaded allegations of the amended complaint state a claim for which relief can be granted. Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).

This court previously acknowledged that normally a final decree on the merits of an action may not be made against one of several defendants against whom a joint charge is pending. Frow v. De La Vega, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872). Now that all

---

[3] Upon removal, the court clearly had jurisdiction in this removed action due to the presence of FDIC as a defendant. Under 28 U.S.C. § 1367, the court has supplemental jurisdiction over all claims sufficiently related to the claim(s) upon which jurisdiction was based. The undersigned does not believe that remand of plaintiff's unopposed action against the defaulting defendants should be remanded to state court.

defendants except the defaulting defendants have been dismissed, and defendant Financial Title will be dismissed without prejudice,[4] the present motions for default judgment will be considered.

Plaintiff seeks $112,241.57 in lost equity, $4,522.36 in broker fees, and $75,000 in emotional distress damages from each of the defaulting defendants. The court finds that the applications and declarations filed in support of the applications for default judgment support the finding that plaintiff is entitled to the damages requested.

A. Lost Equity

The initial falsified loan transaction, dated June 12, 2006, increased the encumbrance on the property at issue by $105,991.57, with $99,999.61 in cash back delivered to the property where defendant resided.[5] (Hernandez Decl., ¶ 4, Haro Decl., Exs. 3, 4 at lines 103 and 303.) The second falsified loan application, dated November 14, 2006, further encumbered the property at issue in the amount of $6,250.00. (Haro Decl., Exs. 6, 4 at line 202, 7 at line 202.) The total amount of encumbrance as a result of the two loans falsified by defendants was $112,241.57, and this amount is supported by documentary evidence.

B. Broker Fees

The June, 2006 transaction resulted in $3,425.63 in broker fees, including an appraisal fee, credit report fee, and a yield spread premium to Madrigal and LIS. (Haro Decl., Ex. 4 at lines 803, 804, and 825.)[6] The November 2006 transaction caused a loss of $1,096.73 in

---

[4] Because plaintiff has represented that Financial Title is in bankruptcy proceedings, these findings and recommendations dismissing Financial Title will be without prejudice to any proceedings in the bankruptcy court case. The undersigned assumes that the status report, filed June 2, 2009, indicating the pending bankruptcy, remains accurate as plaintiff has not represented otherwise since the time of that filing. See Docket no. 22.

[5] The difference between the two figures constitutes the settlement charges to the borrower in the amount of $5,991.96. (Haro Decl., Ex. 4 at line 103.)

[6] These lines in Exhibit 4 cited by plaintiff actually add up to $3,435.63, but plaintiff claims only $3,425.63.

4

broker fees, including broker credit and a yield spread premium to Madrigal and LIS.  (Haro Decl., Ex. 7 at lines 812, 813.)   The total amount of broker fees for which plaintiff seeks recovery is therefore $4,522.36, which is supported by the submitted documentation.

      C.  <u>Emotional Distress Damages</u>

Plaintiff seeks $75,000 in damages for the emotional distress caused by defendants.  "A judgment by default may not be entered without a hearing on damages unless ... the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." <u>Dundee Cement Co. v. Howard Pipe & Concrete Products</u>, 722 F.2d 1319, 1323 (7th Cir. 1983) (citing <u>Geddes</u>); <u>Davis v. Fendler</u>, 650 F.2d 1154, 1161 (9th Cir.1981) (no hearing necessary when documents show judgment amount based on a definite figure); <u>see</u> also  Fed. R. Civ. P. 55(b)(2) (the district court has the discretion to conduct or refuse a hearing on default judgment).  Where the amount of damages is not ascertainable from the pleadings, the court should hold a hearing to determine the amount of the award.  <u>Eisler v. Stritzler</u>, 535 F.2d 148, 153-54 (1st Cir. 1976).  Where emotional distress resulting from a constitutional violation is alleged, the evidence supporting it must be competent and sufficient.  <u>Akouri v. State of Forida Dept. of Transp.</u>, 408 F.3d 1338, 1345 (11th Cir. 2005).

Nevertheless, detailed declarations and other documentary evidence may be sufficient in place of an evidentiary hearing.  <u>Action S.A. v. Marc Rich & Co., Inc.</u>, 951 F.2d 504, 508 (2nd Cir. 1991); <u>Transportes Aeros de Angola v. Jet Traders Invest. Corp.</u>, 624 F. Supp. 264 (D. Del. 1985); <u>Lanzafame v. Dana Restoration, Inc.</u>, 2010 WL 6267657, * 6 (E.D.N.Y. Aug. 12, 2010); <u>J&J Sports Productions, Inc. v. Hernandezsilva</u>, 2010 WL 3702593, * 2 (S.D. Cal. Sept. 15, 2010).  Where the plaintiff's declarations and exhibits regarding damages are reasonably detailed, and defendants have declined to appear in the case, the court has discretion to make an informed determination regarding damages without an evidentiary hearing.  <u>La Barbera v. Cyn-Ken Driver Service Co., Inc.</u>, 2007 WL 2908072, *5 (E.D.N.Y. Oct. 5, 2007).

\\\\\

As pointed out by plaintiff, emotional distress damages are available in actions stemming from a loan broker's breach of fiduciary duties to plaintiff. Sanders v. Fidelity Mortgage Company, 2009 WL 1246686 (N.D. Cal. May 5, 2009). Damages may either be established by testimony or inferred from the circumstances. Johnson v. Hale, 940 F.2d 1192, 1993 (9th Cir. 1991). Medical evidence of symptoms caused by the emotional distress is not required. Id. Mr. Hernandez has set forth facts supporting his request for emotional distress damages. He states that defendants refused to rectify their violation of his trust by using his private financial information to submit fraudulent loan applications since 2007. Plaintiff states in part:

> [S]ince 2007, I have been forced to deal with harassing collection calls, multiple notices from the lender, and the stress, time and energy associated with the present lawsuit which I filed to try and prevent the enforcement of these fraudulently brokered loans. Moreover, I have received several phone calls from Mr. Madrigal threatening me for pursuing this matter. For four years I have been burdened with the fall-out from loans that I never agreed to and never received any benefit from. I have lost the equity in the property, and used my limited finances to pay for attorney's fees to try and resolve this matter, as well as for paying the continuing maintenance costs on the property. Further, I still receive collection calls from the lender. As a result, I have suffered from years of sleepless nights, and I have been unable to sleep through the night, on average, 3-4 nights a week. The stress and anxiety caused by this situation has also resulted in such severe stomach pain that I regularly have to take antacids to function during the day. The severe emotional distress, and physical consequences of that distress, has only increased over the last four years, while this matter hasn't resolved.

(Hernandez Decl., ¶ 7.) Furthermore, the parties' relationship as in-laws placed them in a special position of trust made for a violation all the worse. The request for damages for emotional pain and suffering is adequately supported by the Hernandez declaration without the need for an evidentiary hearing.

Cases awarding damages for emotional distress of this type have awarded a wide range, from $5,000 to $125,000. See Epstein v. Kalvin-Miller, 139 F.Supp.2d 469, 480-81 (S.D.N.Y. 2001) (collecting cases); Olsen v. County of Nassau, 615 F.Supp.2d 35, 46, n. 4

(E.D.N.Y. 2009) (garden variety emotion distress claims, which are confined to plaintiff's testimony and not medically corroborated, are limited to between $30,000 and $125,000 as recent cases reflect significantly increased awards).  Accordingly, the court finds that $75,000 is sufficient to compensate plaintiff for the emotional injury suffered as a result of defendants' conduct.  There are no policy considerations which preclude the entry of default judgment of the type requested.  See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

CONCLUSION

In view of the foregoing findings, it is the recommendation of this court that:

1. Plaintiff's application for entry of default judgment be granted as to defendants Madrigal and LIS Mortgage Corporation;

2. Judgment should be rendered in the amount of $112,241.57 in lost equity, $4,522.36 in broker fees, and $75,000 in emotional distress damages, for a total judgment of $191,763.93;

3. Defendant Financial Title be dismissed without prejudice; and

4. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 29, 2011

      /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076 - hernandez0413.def2.wpd